YS_Answer2..doc

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x
E. MISHAN & SONS, Inc., : ECF CASE
: 08 CV 3071  (BSJ) (DFE)
                              **Plaintiffs,** :
: **ANSWER**
          v. :
: **(Jury Demand)**
YOUR STORE ONLINE LLC and CHRIS REOCH, :
:
                              **Defendants.** :
:
-------------------------------------------------------------------------x

  **Carl E. Person**, appearing on behalf of the Defendants, **Your Store Online LLC** (hereinafter, "Online" or a "Defendant") and **Chris Reoch** (hereinafter, "Reoch" or a "Defendant"), respectfully allege as and for the Defendants' **Answer** to the Plaintiffs' Complaint:

  1.. ADMIT each of the allegations in ¶ 1 of the Complaint, except DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that the Plaintiff is a corporation duly organized under the laws of the State of New York.

  2.. ADMIT each of the allegations in ¶ 2 of the Complaint.

  3.. ADMIT each of the allegations in ¶ 3 of the Complaint.

  4.. DENY each of the allegations in ¶ 4 of the Complaint.

  5.. No pleading required to this definitional ¶ 5.

  6.. ADMIT that the Plaintiff's allegations in ¶ 6 of the Complaint have been made under the described statutes and common law doctrines, but DENY that either of the Defendants is liable to the Plaintiff as to any of the allegations or claims.

7..    ADMIT each of the allegations in ¶ 7 of the Complaint, but DENY that either of the Defendants has any liability to the Plaintiff.

8..    DENY each of the allegations in ¶ 8 of the Complaint.

9..    ADMIT each of the allegations in ¶ 9 of the Complaint, except DENY that there is any personal jurisdiction over either of the Defendants.

10..    ADMIT each of the allegations in ¶ 10 of the Complaint, except DENY that New York law is applicable in any way and further DENY that there is any personal jurisdiction over either of the Defendants.

11..    DENY each of the allegations in ¶ 11 of the Complaint.

12..    DENY each of the allegations in ¶ 12 of the Complaint.

13..    DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 13 of the Complaint.

14..    DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 14 of the Complaint.

15..    DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 15 of the Complaint.

16..    DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 16 of the Complaint.

17..    DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 17 of the Complaint.

18..    DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 18 of the Complaint, except ADMIT that Exhibit B to the Complaint is a picture of the product as to which Plaintiff's claims are addressed.

19..	DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 19 of the Complaint.

20..	DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 20 of the Complaint, except ADMIT that the Plaintiff makes offers of its product through the two identified websites.

21..	DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 21 of the Complaint.

22..	DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 22 of the Complaint, except ADMIT that Exhibit C to the Complaint consist of pictures of one or more AB Rocket boxes.

23..	DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 23 of the Complaint.

24..	DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 24 of the Complaint, except ADMIT that the AB Rocket box depicted in Exhibit C to the complaint contains photographs, text and artwork.

25..	DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 25 of the Complaint.

26..	ADMIT each of the allegations in ¶ 26 of the Complaint, except DENY that either of the Defendants has any liability to the Plaintiff and further DENY that either of the Defendants is offering or selling Plaintiff's products.

27..	ADMIT each of the allegations in ¶ 27 of the Complaint.

28..	DENY each of the allegations in ¶ 28 of the Complaint.

  29.. ADMIT each of the allegations in ¶ 29 of the Complaint, except DENY that the use is other than for purposes of comparing Plaintiff's and Online's products.

  30.. ADMIT each of the allegations in ¶ 30 of the Complaint, except DENY that the use is other than for purposes of comparing Plaintiff's and Online's products.

  31.. ADMIT each of the allegations in ¶ 31 of the Complaint, except DENY that the use by Online is other than for purposes of comparing Plaintiff's and Online's products and DENY that Reoch is making any use at all.

  32.. ADMIT each of the allegations in ¶ 32 of the Complaint, except DENY that the use by Online is other than for purposes of comparing Plaintiff's and Online's products and DENY that Reoch is making any use at all.

  33.. DENY each of the allegations in ¶ 33 of the Complaint.

  34.. DENY each of the allegations in ¶ 34 of the Complaint.

  35.. ADMIT each of the allegations in ¶ 35 of the Complaint, except DENY that Plaintiff's product is not an enhanced or improved version of Plaintiff's product.

  36.. ADMIT each of the allegations in ¶ 36 of the Complaint.

  37.. DENY each of the allegations in ¶ 37 of the Complaint, except ADMIT that the discount by Online is offered by Online on consecutive days.

  38.. DENY each of the allegations in ¶ 38 of the Complaint.

  39.. DENY each of the allegations in ¶ 39 of the Complaint.

  40.. DENY each of the allegations in ¶ 40 of the Complaint.

  41.. DENY each of the allegations in ¶ 41 of the Complaint, except ADMIT that the website is offering products by Online to residents of any other state in the United States in the same way that any offers are made to residents of New York State, and further ADMIT that the

offers by Online to various states (such as Wisconsin, Michigan and Illinois) are greater than to the residents of New York State.

      42..    Online <u>ADMITS</u> each of the allegations in ¶ 42 of the Complaint, except DENIES that shipments are made by reason of spurious orders for Plaintiff's products; and Reoch DENIES each of the allegations as to Reoch..

      43..    DENY each of the allegations in ¶ 43 of the Complaint.

      44..    DENY each of the allegations in ¶ 44 of the Complaint.

      45..    DENY each of the allegations in ¶ 45 of the Complaint.

      46..    DENY each of the allegations in ¶ 46 of the Complaint.

      47..    DENY each of the allegations in ¶ 47 of the Complaint.

      48..    DENY each of the allegations in ¶ 48 of the Complaint.

      49..    DENY each of the allegations in ¶ 49 of the Complaint.

      50..    DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 50 of the Complaint.

      51..    Online ADMITS each of the allegations in ¶ 51 of the Complaint, except DENIES that Online is marketing its competing products under a counterfeit trademark, and Reoch DENIES each of the allegations as to him..

      52..    DENY each of the allegations in ¶ 52 of the Complaint.

**[Plaintiff's Heading]**
**COUNT I**
**Federal Trademark Infringement and Trademark Counterfeiting**
**(15 U.S.C. § 1114)**

      53..    Defendants repeat and reallege each of the allegations set forth in ¶¶ 1-52 above as if fully set forth herein.

      54..    DENY each of the allegations in ¶ 54 of the Complaint.

55..    ADMIT each of the allegations in ¶ 55 of the Complaint.

56..    ADMIT each of the allegations in ¶ 56 of the Complaint, except DENY having knowledge or information sufficient to form a belief as to the extent of the Plaintiff's continuous and extensive use of the trademark.

57..    DENY each of the allegations in ¶ 57 of the Complaint.

58..    DENY each of the allegations in ¶ 58 of the Complaint.

59..    DENY each of the allegations in ¶ 59 of the Complaint.

60..    DENY each of the allegations in ¶ 60 of the Complaint.

61..    DENY each of the allegations in ¶ 61 of the Complaint.

62..    DENY each of the allegations in ¶ 62 of the Complaint.

63..    DENY each of the allegations in ¶ 63 of the Complaint.

64..    DENY each of the allegations in ¶ 64 of the Complaint.

65..    DENY each of the allegations in ¶ 65 of the Complaint.

66..    DENY each of the allegations in ¶ 66 of the Complaint.

67..    DENY each of the allegations in ¶ 67 of the Complaint.

68..    DENY each of the allegations in ¶ 68 of the Complaint.

**[Plaintiff's Heading]**
**COUNT II**
**Unfair Competition, False Representations, False Designation of Origin**
**(15 U.S.C. § 1125 et seq.)**

69..    Defendants repeat and reallege each of the allegations set forth in ¶¶ 1-68 above as if fully set forth herein.

70..    DENY each of the allegations in ¶ 70 of the Complaint.

71..    DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 71 of the Complaint.

72..   ADMIT each of the allegations in ¶ 72 of the Complaint, except DENY that Plaintiff's box is distinctive.

73..   DENY having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 73 of the Complaint.

74..   DENY each of the allegations in ¶ 74 of the Complaint.

75..   DENY each of the allegations in ¶ 75 of the Complaint.

76..   DENY each of the allegations in ¶ 76 of the Complaint.

77..   DENY each of the allegations in ¶ 77 of the Complaint.

78..   DENY each of the allegations in ¶ 78 of the Complaint.

79..   DENY each of the allegations in ¶ 79 of the Complaint.

80..   DENY each of the allegations in ¶ 80 of the Complaint.

81..   DENY each of the allegations in ¶ 81 of the Complaint.

**[Plaintiff's Heading]**
**COUNT III**
**False Advertising under The Federal Law**
**(15 U.S.C. § 1125 et seq.)**

82..   Defendants repeat and reallege each of the allegations set forth in ¶¶ 1-81 above as if fully set forth herein.

83..   ADMIT each of the allegations in ¶ 83 of the Complaint, but DENY that either of the Defendants has any liability to the Plaintiff.

84..   DENY each of the allegations in ¶ 84 of the Complaint.

85..   DENY each of the allegations in ¶ 85 of the Complaint.

86..   DENY each of the allegations in ¶ 86 of the Complaint.

**[Plaintiff's Heading]**
**COUNT IV**
**Deceptive Acts and Practices Under New York Statutory Law**
**(New York General Business Law § 349)**

87..   Defendants repeat and reallege each of the allegations set forth in ¶¶ 1-86 above as if fully set forth herein.

88..   ADMIT each of the allegations in ¶ 88 of the Complaint, but DENY that either of the Defendants has any liability to the Plaintiff.

89..   DENY each of the allegations in ¶ 89 of the Complaint.

90..   DENY each of the allegations in ¶ 90 of the Complaint.

91..   DENY each of the allegations in ¶ 91 of the Complaint.

**[Plaintiff's Heading]**
**COUNT V**
**False Advertising Under New York Statutory Law**
**(New York General Business Law § 350)**

92..   Defendants repeat and reallege each of the allegations set forth in ¶¶ 1-91 above as if fully set forth herein.

93..   ADMIT each of the allegations in ¶ 93 of the Complaint, but DENY that either of the Defendants has any liability to the Plaintiff.

94..   DENY each of the allegations in ¶ 94 of the Complaint.

95..   DENY each of the allegations in ¶ 95 of the Complaint.

**[Plaintiff's Heading]**
**COUNT VI**
**Unfair Competition Under New York Common Law**

96..   Defendants repeat and reallege each of the allegations set forth in ¶¶ 1-95 above as if fully set forth herein.

97..   ADMIT each of the allegations in ¶ 97 of the Complaint, but DENY that either of the Defendants has any liability to the Plaintiff.

98..   DENY each of the allegations in ¶ 98 of the Complaint.

99..   DENY each of the allegations in ¶ 99 of the Complaint.

100..   DENY each of the allegations in ¶ 100 of the Complaint.

101..   DENY each of the allegations in ¶ 101 of the Complaint.

102..   DENY each of the allegations in ¶ 102 of the Complaint.

**[Plaintiff's Heading]**
**COUNT VII**
**Trademark Infringement Under New York Common Law**

103..   Defendants repeat and reallege each of the allegations set forth in ¶¶ 1-102 above as if fully set forth herein.

104..   ADMIT each of the allegations in ¶ 104 of the Complaint, but DENY that either of the Defendants has any liability to the Plaintiff.

105..   DENY each of the allegations in ¶ 105 of the Complaint.

106..   DENY each of the allegations in ¶ 106 of the Complaint.

107..   DENY each of the allegations in ¶ 107 of the Complaint.

108..   DENY each of the allegations in ¶ 108 of the Complaint.

**AFFIRMATIVE DEFENSES**

**1st Affirmative Defense**

109..   Lack of personal jurisdiction over each of the Defendants [12(b)(2)]

9

### 2nd Affirmative Defense

110..   Insufficient process as to each of the Defendants [12(b)(4)]

### 3rd Affirmative Defense

111..   Improper venue as to each of the Defendants [12(b)(3)]

### 4th Affirmative Defense

112..   Failure to state a claim as to which any relief may be given as to each of the Defendants [12(b)(6)]

### 5th Affirmative Defense

113..   Unenforceability of Plaintiff's alleged trademark "AB ROCKET" (Exhibit A to the complaint) by reason of Plaintiff's ongoing failure to enforce the trademark against the numerous users thereof in the marketplace as they are competing with Plaintiff and Online in the offering and sale of functionally similar products.

### 6th Affirmative Defense

114..   Unconstitutionality of statutory damages [$1,000,000 maximum under 15 U.S.C. § 1117(c)] to the extent such damages exceed three times the amount of any actual damages or three times the amount of the respective Defendant's profits or sales derived from any illegal use of Plaintiff's trademark.

### 7th Affirmative Defense

115..   Unconstitutionality of statutory attorneys fees [15 U.S.C. § 1117 (c, d)] to the extent they (i) are unreasonable in relation to the dollar amount of the Defendants' liability for actual damages or (ii) exceed three times the amount of the respective Defendant's profits or sales derived from illegal use of Plaintiff's trademark.

## Jury Demand

Defendants hereby demand a trial by jury of all issues properly triable to a jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

## PRAYER

**WHEREFORE**, the Defendants respectfully request that the Complaint be dismissed with costs and disbursements and attorneys' fees, and with such other and further relief as this Court may deem just and proper.

**Dated:** New York, New York
April 22, 2008

_____
**Carl E. Person   (CP  7637)**
**Attorney for Defendants,**
   **Your Store Online LLC and Chris Reoch**
**325 W. 45th Street - Suite 201**
**New York, New York 10036-3803**
**(212) 307-4444**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
E. MISHAN & SONS, Inc.,

                  **Plaintiffs,**

        v.

**YOUR STORE ONLINE LLC  and CHRIS REOCH,**

                  **Defendants.**
-------------------------------------------------------------------------x

ECF CASE

08 CV 3071  (BSJ) (DFE)

**PROOF OF SERVICE**

    I, **Carl E. Person**, an attorney duly authorized to practice in the State of New York, do hereby affirm that the following is true under the penalty of perjury pursuant to CPLR 2106:

    I am not a party to this action, am over 18 years of age, and on April 22, 2008, I served a true copy of the foregoing **ANSWER** (the "Document"), on the attorneys for the Plaintiff, by mailing a copy of the Document to.

        **Angelo Notaro, Esq.**
        **John Zaccaria, Esq.**
        **Notaro & Michalos P.C.**
        **1270 Broadway – Suite 807**
        **New York, NY  10001-3204**

**Dated:  New York, New York**
       **April 22, 2008**

                            **By** _____
                                  **Carl E. Person (CP 7637)**